Argued and submitted August 1, reversed September 7, 1994

James A. WOOD, M.D.
and Albert Starr, M.D.,
*Respondents,*

*v.*

MEDICAL RESEARCH FOUNDATION
OF OREGON,
an Oregon non-profit corporation,
*Defendant,*

*and*

OREGON HEALTH SCIENCES UNIVERSITY,
an Oregon State agency,
*Appellant.*

(9209-06767; CA A81149)

880 P2d 952

Robert M. Atkinson, Assistant Attorney General, argued
the cause for appellant. With him on the briefs were Theodore

R. Kulongoski, Attorney General, and Virginia L. Linder, Solicitor General.

Gary Roberts argued the cause for respondents. With him on the brief were Wayne A. Williamson, Elizabeth A. Schleuning and Schwabe, Williamson & Wyatt.

Before Deits, Presiding Judge, and Riggs and Haselton, Judges.

DEITS, P. J.

## DEITS, P. J.

This is a declaratory judgment action brought by plaintiffs, Dr. Wood and Dr. Starr, to determine whether funds from the will of Esther Eager given for research, development and education, under the direction of plaintiffs, may be used by them without regard to where the research, education or development occur. The trial court held that they could be so used. We reverse.

In 1964, plaintiffs performed heart surgery on Wesley Eager. He lived for 18 years after the surgery. He died in 1982. Following his death, his wife, Esther Eager, executed a will that included the provision that is the subject of this dispute. She died in 1983. The disputed provision states:

"THIRD: I direct that all of my estate, except my farm land, be sold and reduced to cash. I direct that my farm land be held intact for a period of not less than 20 years and that my net estate including my farm land be distributed to the Medical Research Foundation of Oregon, Portland, Oregon, hereinafter called 'the foundation,' for the following described uses and purposes:

"I direct that the principal of said fund be in perpetuity invested and re-invested by the foundation and the net income thereby produced be used by the foundation *for the benefit of cardiopulmonary research, development and education under the direction of Dr. Albert Starr and/or Dr. James Wood, or their successors, in the Department of Cardiopulmonary Surgery at the University of Oregon Medical School.* I further direct that said funds be identified and known as the 'WESLEY LEROY EAGER and ESTHER RANGE EAGER CARDIOPULMONARY FUND' and that the foundation maintain such accounting procedures which shall separately account for the principal and income of the fund from any and all other funds in the hands of the foundation so that the individuals and programs benefited [*sic*] by the fund may be identified." (Emphasis supplied.)

Plaintiffs' complaint alleges that plaintiffs now wish to use the funds to conduct research at St. Vincent's Hospital. However, defendant, Oregon Health Sciences University (OHSU),[1] has taken the position that under the terms of the will, the funds may only be used for work by the plaintiffs, or

---

[1] OHSU is the successor to the University of Oregon Medical School.

their successors, at OHSU. The trial court concluded that there was a latent ambiguity in the will and admitted extrinsic evidence to aid the court in its interpretation of the will; in particular, it allowed testimony by the lawyer who drafted the will for Esther Eager. After considering this evidence, the trial court concluded:

> "There is nothing to indicate an intent that the funds were to be controlled by the medical school. Had Mrs. Eager desired to leave her money to a medical school, it is more likely that she would have selected the University of Washington as both she and her husband had been residents of that state. I conclude that Mrs. Eager intended to give the money to the playwrights, not the theater in which the play was performed * * *."

■     OHSU first assigns error to the trial court's admission of extrinsic evidence. It contends that the language of the will is not ambiguous and that, therefore, extrinsic evidence regarding the reading of the will was not admissible. We agree. The critical language of the will is: "[F]or the benefit of cardiopulmonary research, development and education under the direction of Dr. Albert Starr and/or Dr. James A. Wood, or their successors, *in the Department of Cardiopulmonary Surgery at the University of Oregon Medical School.*" (Emphasis supplied.) In our view, that language unambiguously directs that the funded research, education or development occur at OHSU. In particular, the syntax of the phrase "in the Department of Cardiopulmonary Surgery at the University of Oregon Medical School" shows that it has as its antecedent, Starr or Wood, as well as their successors at OHSU.[2] The language of the will simply does not provide any alternative to OHSU as the site of the work.

■     Plaintiffs argue that even if the language of the will is not ambiguous, extrinsic evidence is admissible to show the circumstances under which the will was made and, therefore, the trial court did not err in admitting and considering extrinsic evidence. We disagree. In *Jarrett v. U.S. National Bank*, 81 Or App 242, 246, 725 P2d 384 (1986), *rev den* 302 Or 476 (1987), we rejected the same argument:

---

[2] Plaintiffs would have us ignore the grammatical significance of the commas surrounding "or their successors." We decline to do so.

"When a will or a trust instrument is fully integrated and is not ambiguous on its face, *extrinsic evidence is not admissible to establish the testator's or settlor's intent.* * * *

"The dissent argues that the extrinsic evidence is admissible to put the court in the position of the settlor to ascertain his intent. The court has no occasion to put itself in the settlor's position when it construes a fully integrated, unambiguous trust document because the intent of the settlor can be ascertained from the face of the document. ORS 42.220 and ORS 41.740 permit a court to consider the circumstances surrounding the execution of an agreement *only* when the agreement is ambiguous on its face or is not fully integrated." (Emphasis in original.) *See First Interstate Bank v. Young,* 121 Or App 1, 853 P2d 1324, *rev den* 318 Or 25 (1993).

We conclude that because the language of the will is unambiguous, extrinsic evidence regarding the formation of Eager's will may not properly be considered in determining the meaning of the disputed language. As discussed above, we hold that under the plain language of the will, research, education and development conducted with funds from the Eager will must occur at OHSU.

Reversed.